UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | | |
|---|---|---|---|
| TOMMIE L. JAMES, | ) | Case Nos.: | 1:10 CV 761 |
| | ) | | 1:06 CR 468-1 |
| Defendant-Petitioner | ) | | |
| | ) | | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff-Respondent | ) | ORDER | |

Currently pending before the court is Defendant-Petitioner Tommie James's ("Petitioner") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate") (ECF No. 47, 1:06-CR-468.) He later filed a Motion to Amend his Motion to Vacate. (ECF No. 48, 1:06-CR-468.) In his Petition, Petitioner claims his counsel was ineffective because he: (1) waived Petitioner's right to a speedy trial and did not object to an alleged violation of the Speedy Trial Act; (2) did not object to an error in the 18 U.S.C. § 851 Information regarding prior convictions for sentencing enhancement that allegedly increased petitioner's recommended sentence range; (3) failed to seek a downward departure under U.S.S.G. § 5K2.0; and (4) failed to file a motion for reconsideration and notice of appeal. Petitioner has also moved to amend his Motion to include an ineffectiveness of counsel claim for advising Petitioner to plead guilty rather than moving for dismissal for violation of the Speedy Trial Act. For the following reasons, the court permits Petitioner to amend but denies Petitioner's Motions on the merits.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner was charged with one count of knowingly and intentionally distributing heroin in contravention of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (ECF No. 1.) After his arrest, Petitioner was assigned attorney Dennis Terez. (ECF No. 3 at 2.) After a grand jury returned a one-count indictment against Petitioner, Petitioner was arraigned and pleaded not guilty on October 25, 2006. (ECF No. 10 at 1; ECF No. 14 at 1.) This court granted a continuance when Petitioner waived his right to a speedy trial on January 22, 2007. (ECF No. 22 at 1-2.)

The Government proceeded to file an Information required by 21 U.S.C. § 851 to establish prior felony drug offense convictions in order to invoke the sentencing enhancement provisions of 21 U.S.C. § 841(b). (Information, ECF No. 29 at 1-2.) The Information cited the provisions of 21 U.S.C. § 841(b)(1)(C) and contained three prior drug convictions in the Cuyahoga County Court of Common Pleas. Petitioner pleaded guilty and was sentenced to 132 months of incarceration followed by six years of supervised release with a $100 special assessment. (ECF No. 33.) This sentence represented a downward departure from the advisory range of 188-235 months. (Gov't Br. in Opp., ECF No. 51 at 16.) Attorney Terez filed a notice of appeal on May 16, 2007, and Petitioner filed his own notice of appeal on May 18, 2007. (ECF Nos. 34, 36.) The Sixth Circuit Court of Appeals affirmed the judgment of the district court on January 7, 2009. (ECF No. 43.) The Supreme Court of the United States denied certiorari on April 28, 2009. (ECF No. 45.) Petitioner subsequently filed the current Motion and Amendment.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: (1) the sentence was imposed in violation of the Constitution or the laws of the

United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Generally, to prevail on a § 2255 motion alleging a constitutional error, the petitioner must show an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993). To prevail on a non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice', or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). Moreover, in order to obtain this form of collateral relief, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal," *United States v. Frady*, 456 U.S. 152, 166 (1982), because "[o]nce the defendant's chance to appeal has been waived or exhausted . . . we are entitled to presume he stands fairly and finally convicted." *Id.* at 164.

### III. LAW AND ANALYSIS

Counsel is presumed effective; thus, a petitioner has a significant hurdle in establishing ineffective assistance of counsel. Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must show both: (1) that his counsel's errors were so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) that his counsel's deficient performance prejudiced the defense. A showing of "prejudice," as defined in *Strickland*, requires Petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To show an attorney's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard

of reasonableness." *Id.* at 687-88. An error by counsel, "even if professionally unreasonable," will "not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

### A. Speedy Trial Act

Petitioner argues in his Motion that counsel "coerced" him into signing an "invalid and ineffective" waiver of speedy trial. (ECF No. 47 at 2.) He claims this is the case because the district court failed to make an ends of justice finding required for a continuance under 18 U.S.C. § 3161(h)(7)(A) when Petitioner waived his right to a speedy trial. (Mot. to Vacate, ECF No. 47 at 2-3.) As a result, Petitioner argues, his waiver is invalid. This argument is without merit. The record shows that an ends of justice finding was made with the continuance sought by Petitioner. (ECF No. 22-1) ("[I]t is hereby the finding of this Court that the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and the defendant in a speedy trial").

Petitioner's claim in his Motion to Amend (ECF No. 48), is that his counsel was ineffective for advising Petitioner to enter a plea of guilty instead of moving to dismiss for violation of the Speedy Trial Act. Petitioner claims he would not have pleaded guilty had he known he could seek dismissal of the Indictment on these grounds and counsel was ineffective for not notifying him of the option to dismiss. The court construes this amendment in light of the earlier Motion to Vacate. It is not well-taken for the same reasons that his prior speedy trial motion was not well-taken. Petitioner is incorrect in his belief that the district court did not make an ends of justice finding and that his counsel's failure to move to dismiss amounts to ineffective assistance. The Supreme Court has held that "when a district court grants an ends-of-justice continuance, it must 'se[t] forth, in the

record of the case, either orally or in writing, its reasons' for finding that the ends of justice are served and they outweigh other interests." *Zedner v. United States*, 547 U.S. 489, 506 (2006). Here, the record indicates that an ends of justice finding was made, and the court explained its reasoning. (ECF No. 22-1.) This court stated that,

> it is hereby the finding of this Court that the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and the defendant in a speedy trial. The Court further finds that the failure to grant a continuance would result in a miscarriage of justice; that it is unreasonable to expect adequate preparation of pretrial proceedings or for the trial itself to be conducted as previously scheduled given the nature of this case and the fact that the preparation of a pre-plea presentence investigation report has been requested and ordered; and that failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation and resolution of this matter by way of a plea agreement, taking into account the ongoing exercise of due diligence by all counsel of record.

Counsel cannot be ineffective for refraining from objection in these circumstances. *See Smith v. United States*, No. 2:06-cv-965, 2010 U.S. Dist. LEXIS 27142 at *25-26 (E.D. Mich. March 10, 2010).

### B. The Government's Information

Petitioner next claims that his counsel was ineffective for failing to address a typographical error in the Government's Information to establish prior felony drug convictions. (ECF No. 47 at 4.) The last paragraph of the Information read as follows:

> The penalty enhancement provisions of Title 21, § 841(b)(1)(C), United States Code *(relating to less than 5 grams of cocaine base ("crack")* (Count 1)), require, among other things, a term of imprisonment of not more than 30 years and/or a fine not to exceed $2,000,000.00, and six years of supervised release if the defendant has been convicted of at least one prior "felony drug offense."

(ECF No. 29 at 2) (emphasis added).

Petitioner claims that Attorney Terez should have addressed the fact that although "crack" is referenced in the Information, Petitioner in fact pled guilty to heroin distribution. (ECF No. 47 at 4.) This argument is not well-taken. Although the reference to cocaine base, or "crack," is erroneous, the typographical error does not alter the type of felony offense. Since heroin is a schedule I controlled substance, the sentencing provisions of 21 § 841(b)(1)(C) still apply. Attorney Terez did not act unreasonably by declining to challenge the typographical error when it had no impact on the ultimate introduction of prior felony drug offenses and did not impact Petitioner's sentence. Counsel is not required to raise frivolous arguments. *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986).

### C. Downward Departure at Sentencing

Petitioner next argues that Attorney Terez did not move the court to make a downward departure with respect to sentencing under U.S.S.G. § 5K2.0 and was thereby constitutionally deficient. The court finds this argument meritless. Attorney Terez noted in his May 7, 2007 sentencing memorandum that he would seek a departure for Petitioner at the sentencing hearing. (ECF 31 at 1.) At the sentencing hearing, Attorney Terez urged the court to consider a departure based on what he considered to be an overrepresentation of Petitioner's criminal history. (Tr. of Sentencing Hr'g, ECF No. 41 at 31-32.) Petitioner, in fact, received a sentence of 132 months, which is significantly less than the advisory sentencing range of 188-235 months. (ECF No. 41 at 46-47.) Since Attorney Terez sought a departure, he cannot be found ineffective for a failure to do so.

### D. Failure to File Motion to Reconsider or Notice of Appeal

Petitioner asserts that his counsel's failure to file a "Motion for Reconsideration" and a notice of appeal amounted to ineffective assistance. (ECF No. 47 at 5.) This is contradicted by the record

which shows that Petitioner's counsel filed a notice of appeal on May 16, 2007. (ECF No. 34.) Petitioner also offers no reasons why Attorney Terez should have moved the court to reconsider, what the court should have reconsidered, or how he was prejudiced by a failure to file a motion to reconsider. This argument is therefore also meritless.

## IV. CONCLUSION

For the reasons stated above, the court denies Petitioner's Motion to Vacate, Set Aside Conviction or Correct a Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 47.) The court also permits Petitioner to amend his Motion but denies Petitioner's Motion to Amend on the merits. (ECF No. 48.) Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

November 22, 2010